NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP MARKOWITZ,<br><br>     Plaintiff - Appellant,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A., a National Banking Association; CLAIR DAWSON, an individual; DOES 1-50, inclusive,<br><br>     Defendants - Appellees. | No. 25-1747<br><br>D.C. No.<br>2:23-cv-06528-ODW-MRW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted April 20, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Philip Markowitz brought this action asserting various tort claims against JPMorgan Chase Bank, N.A. (Chase) after the bank froze his account and, for several months, refused to allow him to withdraw funds from two checks he deposited in the account. The district court granted summary judgment to Chase on Markowitz's claims for intentional infliction of emotional distress and punitive damages. The district court's summary-judgment order also limited the time period for which Markowitz could recover on his claims for conversion and negligent infliction of emotional distress, which were tried to a jury. Markowitz now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 692 (9th Cir. 2026). We review the district court's decisions about the scope of cross-examination for abuse of discretion. *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1192 (9th Cir. 2005).

1. The district court correctly granted partial summary judgment to Chase on the conversion claim. The court held that Chase was entitled to summary judgment for claims based on its conduct through December 8, 2023, when Chase established that the two checks from SureTec Insurance Co. (SureTec) that Markowitz deposited were genuine.

25-1747

An element of the California tort of conversion is "the defendant's conversion by a wrongful act" of plaintiff's property. *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015) (quoting *Welco Elecs., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 881 (Ct. App. 2014)). The terms of Markowitz's account authorized Chase to freeze the account "pending investigation." There is no genuine dispute that Chase was conducting an investigation until December 8, so it was entitled to freeze the account until then—preventing there from being any wrongful act during that period. Chase was concerned because the deposit involved two checks from the same issuer, "the deposit was out of pattern," and the typeface on the checks appeared irregular, all of which led Chase to suspect that the payee name on the checks may have been altered. Chase actively, though intermittently, tried to reach SureTec from May until December to verify the checks. In May, Chase tried to call SureTec, but "there was no active phone number on the checks and the paying bank would not verify with third parties." Markowitz filed this action in early July, and between July and December, Chase's litigation department tried, through counsel, to obtain SureTec's contact information from Markowitz. Although Markowitz had emailed SureTec in April about SureTec's forthcoming payment to him, he did not disclose the contact to Chase until much later. Chase eventually wrote to two law firms that had represented SureTec in unrelated litigation and asked SureTec, through those attorneys, to confirm that the checks were genuine.

25-1747

Markowitz's challenges to the district court's interpretation of the evidence do not alter the fact that Chase made ongoing efforts to reach SureTec until it verified the checks in December.

2. Markowitz's claim for negligent infliction of emotional distress arises from the same facts as his conversion claim, so we affirm the district court's grant of partial summary judgment limiting that claim to the period after Chase verified the checks on December 8.

3. The district court correctly granted summary judgment on Markowitz's claim for intentional infliction of emotional distress. California recognizes a cause of action for the intentional infliction of emotional distress based on "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)). Only conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community" gives rise to a claim. *Id.* (quoting *Potter*, 863 P.2d at 819).

The district court correctly held that the summary-judgment evidence could not support an inference that Chase's actions were "calculated to cause . . . severe emotional distress" or were taken with the knowledge that "severe emotional injury" was a "substantial certainty." *Christensen v. Superior Ct.*, 820 P.2d 181,

204 (Cal. 1991). The evidence presented to the district court also does not describe conduct severe and outrageous enough to support Markowitz's argument that Chase's actions could "only be explained" as the tortious infliction of emotional distress.

4. The district court correctly granted summary judgment on Markowitz's claim for punitive damages for conversion. "Punitive damages are permissible under California law when there is 'clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.'" *Hardeman v. Monsanto Co.*, 997 F.3d 941, 971 (9th Cir. 2021) (quoting Cal. Civ. Code § 3294(a)). For corporate defendants, a plaintiff must show "the advance knowledge and conscious disregard, authorization, [or] ratification" of the oppressive acts by "an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Markowitz contends that Kevin Kesterson, a Chase Vice President, ratified Chase's conversion of his funds. But Kesterson was responsible for the fraud department, and Chase transferred the SureTec check investigation from the fraud department to the litigation department when Markowitz filed suit in July. The district court therefore correctly determined that Kesterson did not ratify any actions relating to the funds taken after December 8.

5. The district court did not abuse its discretion in allowing Chase to cross-examine Markowitz about, for example, the people and events at issue in other actions in which Markowitz sought damages for emotional distress. The cross-examination was relevant to the issue of causation. *See Huggins v. Longs Drug Stores Cal., Inc.*, 862 P.2d 148, 151 (Cal. 1993); Fed. R. Evid. 402. Markowitz "broke down on the stand" while testifying that Chase's withholding of his funds caused him anxiety, depression, and other serious emotional injuries. The district court recognized that because Markowitz had "made claims against others for his emotional distress" during the relevant time period, Markowitz's causation evidence would have to show "a distinction between the emotional distress caused by all of these disparate events." The limited cross-examination the court authorized was necessary "to rebut any false impression that might have resulted from" Markowitz's testimony, *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988), and the court did not abuse its discretion in allowing it to proceed.

**AFFIRMED.**